

# The Attorney General of Texas

November 4, 1985

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711-2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Lovell C. Holt
Criminal District Attorney
P. O. Box 730
Gilmer, Texas    75644

Opinion No. JM-372

Re: Whether a vehicle with a valid Dealer's Temporary Cardboard Tags must have properly operating tail and brake lights

Dear Mr. Holt:

You request our opinion regarding the following: Is a vehicle with a valid Dealer's Temporary Cardboard Tag, as authorized by article 6686(a)(4), V.T.C.S., required to have properly operating tail lights and brake lights as required by sections 111 and 118 of article 6701d, V.T.C.S.

Article 6686(a)(4) provides:

> (4) Dealer's Temporary Cardboard Tags. Each dealer holding a current distinguishing number may issue temporary cardboard tags, which may only be used by such dealer or his employees for the following purposes:
>
> (a) to demonstrate or cause to be demonstrated his unregistered vehicles to prospective buyers only for the purpose of sale; provided, however, that no provision of this Act shall be construed to prohibit a dealer from permitting a prospective buyer to operate such vehicles in the course of demonstration.
>
> (b) to convey or cause to be conveyed his unregistered vehicles from the dealer's place of business in one part of the State to his place of business in another part of the State, or from his place of business to a place to be repaired, reconditioned, or serviced, or from the point in this State where such vehicles are unloaded to his place of business, including the moving of such vehicles from the State line to his place of business, or to convey such vehicles from one

dealer's place of business to another dealer's place of business or from the point of purchase of such vehicles by the dealer to the dealer's place of business, or for the purpose of road testing, and such vehicles displaying such tags while being so conveyed shall be exempt from the mechanical inspection requirements of Sections 140 and 141 of the Uniform Act Regulating Traffic on Highways.

Such tags shall not be used to operate vehicles for the personal use of a dealer or his employees. Whenever a dealer sells an unregistered vehicle to a retail purchaser, it shall be such dealer's responsibility to display the Buyer's Temporary Cardboard Tag thereon pursuant to Subsection (3) of this Act. The specifications, form, and color of such dealer's cardboard tags shall be prescribed by the Department. (Emphasis added).

This provision specifically exempts any motor vehicle bearing a dealer's temporary cardboard tags from the compulsory inspection requirements of the Uniform Act regulating traffic on highways. See V.T.C.S. art. 6701d, §§140, 141. Thus, these vehicles are not required to display a valid certificate of inspection. See V.T.C.S. art. 6701d, §140. However, we do not believe that this exemption would allow the owner of the vehicle displaying the Dealer Temporary Cardboard Tag to circumvent the requirements of sections 111 and 118 of article 6701d, V.T.C.S.

The provision exempts vehicles having such temporary tags from the requirements of article 6701d, sections 140-141. It does not exempt them from the requirements of sections 111 and 118. Thus, such vehicles must comply with the requirements of sections 111 and 118.

## S U M M A R Y

A vehicle operated with a valid Dealer's Temporary Cardboard Tag, as authorized by article 6686(a)(4), V.T.C.S., is required to have properly operating tail lights and brake lights as required by sections 111 and 118 of article 6701d, V.T.C.S.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk